**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                          No. 06-2009

MARTHA E. MONTANO,

Defendant-Appellant.

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-04-1657 JC)**

---

Leon Schydlower of El Paso, Texas, for Defendant-Appellant.

Sasha Siemel, Assistant U.S. Attorney (David C. Iglesias, United States Attorney, and Laura Fashing, Assistant U.S. Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **O'BRIEN**, **SEYMOUR**, and **TYMKOVICH**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Martha Elena Montano appeals the district court's imposition of a 188-month sentence for possession of marijuana. Because Ms. Montano waived her right to appeal the sentence, we dismiss the appeal.

I

United States Border Patrol agents spotted Ms. Montano driving on a north-south New Mexico highway near the Mexican border. After stopping her vehicle, the agents discovered 249 pounds of marijuana in the back seat. They further ascertained that Ms. Montano was a citizen of Mexico. She was charged with one count of possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a) and 846(b)(1)(B), and one count of conspiracy to possess and distribute the same in violation of 21 U.S.C. § 846.

After the district court denied her motion to suppress the contraband, Ms. Montano signed a plea agreement agreeing to plead guilty to the two drug counts in exchange for the government's promise "not to bring additional charges arising out of the defendant's conduct now known." Rec., vol. I, tab 73 at 6-7. In the written plea agreement, Ms. Montano acknowledged she understood that the maximum penalty for her crimes was forty years, "that the Sentencing Guidelines are advisory," and that the "applicable sentencing guideline range [would be] determined by the court after resolution of any objections by either party to the presentence report." *Id.* at 2, 3. The government and Ms. Montano stipulated to

several reductions to her offense level, but the agreement noted that "whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report." *Id.* at 4. In addition, in a section entitled "WAIVER OF APPEAL RIGHTS," Ms. Montano acknowledged she "knowingly waive[d] the right to appeal this conviction and/or any sentence within the statutory maximum authorized by law . . . except on the issue of ineffective assistance of counsel." *Id.* at 6.

Ms. Montano also waived her "right to enter [her] plea before a United States District Judge, and consent[ed] to entering [her] plea, knowingly and voluntarily before" a magistrate judge. Rec., vol. I, tab 72. At the plea hearing before the magistrate judge, Ms. Montano acknowledged she had read and understood every provision of her signed plea agreement. Rec., vol. III at 6. The magistrate judge advised Ms. Montano, "the most important thing I can emphasize . . . is the sentence you receive will be up to the judge," because "[t]he judge still retains complete authority to sentence you in his or her discretion" *Id.* at 10-11. Additionally, the magistrate judge noted that "with respect to this particular plea agreement, there is waiver of appeal rights," and cautioned Ms. Montano that "waivers of appeal are usually upheld, and there is a good chance that whatever sentence you get from the judge, you're not going to be allowed to appeal it." *Id.* at 11. The magistrate judge concluded the hearing by "accept[ing] the plea." *Id.* at 15-16.

At her sentencing hearing before the district court, Ms. Montano objected to her classification in the Presentence Report (PSR) as a career offender. The court nonetheless adopted the PSR's assigned offense level of 31, criminal history category of VI, and guideline imprisonment range of 188 to 235 months in accordance with the career offender enhancement. The court subsequently sentenced Ms. Montano to 188 months imprisonment and two years supervised release. After pronouncing the sentence, the district court "f[ou]nd that pursuant to the plea agreement [Ms. Montano] has waived her rights to appeal the final sentence imposed by this Court." Rec., vol. IV at 5. But the court then stated, "I'm going to change that part of the plea agreement. You ought to be allowed to appeal, because that's a lot of time . . . so I'm going to change that part of your plea agreement so that you can appeal." *Id.*

On appeal, Ms. Montano contends the district court (a) erred in denying her suppression motion, (b) erroneously deemed her a career offender for sentencing purposes, and (c) failed to explain its reasons for imposing the given sentence as required by 18 U.S.C. § 3553(c) and *United States v. Booker*, 543 U.S. 220 (2005). The government argues in response that Ms. Montano's waiver of appeal precludes our review of her claims and we should therefore dismiss this appeal.

II

We must first determine whether Ms. Montano's plea agreement includes

an enforceable waiver that compels our dismissal of her underlying claims. *See United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) ("If we conclude that the waiver agreement is enforceable, we will dismiss."). As Ms. Montano recognizes, this court has clearly held that a district court's oral alteration of a portion of a plea agreement during sentencing does not replace a written provision in the agreement. *See United States v. Atterberry*, 144 F.3d 1299, 1301 (10th Cir. 1998) ("[S]tatements made by a judge during sentencing concerning the right to appeal do not act to negate written waivers of that right."). To circumvent *Atterberry*, Ms. Montano maintains the district court rejected her plea agreement wholesale, thus making the waiver provision and entire agreement a nullity and permitting her appeal to go forward. This characterization is not borne out by the facts of the case.

Ms. Montano waived her right to enter her plea before the district court and instead consented to appear before a magistrate judge. A magistrate judge has jurisdiction to conduct a plea hearing and subsequently accept a defendant's plea where the defendant consents. *See United States v. Ciapponi*, 77 F.3d 1247, 1251 (10th Cir. 1996) ("[W]e hold that, with a defendant's express consent, . . . the Magistrates Act authorizes a magistrate judge to conduct a Rule 11 felony plea proceeding."); *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) ("[D]elegating the authority to conduct Rule 11 proceedings to magistrate judges does not offend the principles of Article III.").

Following an extensive discussion regarding the contents and consequences of her plea agreement, the magistrate judge explicitly accepted that agreement in full at the plea hearing. Moreover, at Ms. Montano's sentencing hearing, the district judge "*f[ou]nd pursuant to the plea agreement* the defendant has waived her rights to appeal," before attempting to exclude that provision from the agreement. Rec., vol. IV at 5 (emphasis added). The magistrate judge's explicit acceptance of the plea agreement and the district judge's "findings" as to portions of the agreement during sentencing demonstrate the plea agreement was accepted by the court.[1] As noted above, an oral modification of an accepted plea agreement does not alter the substance of the agreement. *See Atterberry*, 144 F.3d at 1301. Thus, the agreement stands as written and includes the waiver of Ms. Montano's right to appeal.

In the alternative, Ms. Montano asserts this court should abstain from enforcing appellate waivers that do not limit the waiver's applicability to

---

[1] At Ms. Montano's sentencing hearing, the district court adopted the offense level and guidelines range provided by the PSR. The Probation Office's PSR calculations specifically accounted for the offense level reductions to which the parties stipulated in the agreement. As the PSR notes, if Ms. Montano had been found guilty following a jury trial instead of pleading guilty, she would have encountered a guidelines range of 262 to 327, far greater than the 188-month sentence she received following her agreement. The district court's use of the plea-cognizant guidelines range presented in the PSR further supports the conclusion that the district court sentenced Ms. Montano with the belief that the plea agreement was being enforced.

sentences that fall within an articulated sentencing range.[2]  She argues we should adopt and apply the Second Circuit's rule that, under some circumstances, a waiver of appeal will not be enforced if the plea agreement sets no expected guidelines range and results in a sentence greater than anticipated. *See United States v. Rosa*, 123 F.3d 94, 100-01 (2d Cir. 1997) (using scrutiny "above and beyond [that] applied to all pleas" in evaluating waivers not restricted by a given sentencing range); *United States v. Goodman*, 165 F.3d 169, 174-75 (2d Cir. 1999) (not enforcing "the broad form of waiver in this case, [and] sever[ing] the waiver from the remainder of the plea agreement.").  However, in this Circuit we have consistently and repeatedly held that broad waivers are enforceable even where they are not contingent on the ultimate sentence falling within an identified sentencing range. *See Hahn*, 359 F.3d at 1328-29; *Atterberry*, 144 F.3d at 1300-01; *United States v. Hernandez*, 134 F.3d 1435, 1437 (10th Cir. 1998).  As we noted in *Hahn*, the Supreme Court has "rejected any notion that a defendant must know with specificity the result he forfeits before his waiver is valid." *Hahn*, 359 F.3d at 1327 (citing *United States v. Ruiz*, 536 U.S. 622 (2002)).  In accordance with *Ruiz,* we concluded that Mr. Hahn's appellate waiver, permitting an appeal only for those sentences beyond the statutory maximum, was not inherently

---

[2] By contrast, Ms. Montano's waiver applied to all possible sentences below the statutory maximum.  Rec., vol. I, tab 73 at 6.

"unknowing and involuntary."[3]  *Hahn*, 359 F.3d at 1327.  Under our reasoning in *Hahn,* Ms. Montano's nearly identical appellate waiver is enforceable.

Because we hold Ms. Montano's waiver of her appellate rights is enforceable, we do not reach her substantive claims.  Accordingly, we **DISMISS** the appeal.

---

[3] Ms. Montano does not assert that her waiver is unenforceable for failing to meet the three requirements set forth in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) ("[I]n reviewing appeals brought after a defendant has entered into an appeal waiver, [we must] determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.").