**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON WAYNE WALLER,

Defendant-Appellant.

No. 06-6333
(D.C. No. 05-CR-67-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **McCONNELL**, Circuit Judges.


Defendant Jason Wayne Waller pled guilty, pursuant to a plea agreement,

to being in possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

Pursuant to the plea agreement, Mr. Waller waived his right to "[a]ppeal or

collaterally challenge his guilty plea and any other aspect of his conviction, . . .

[and to] [a]ppeal, collaterally challenge, or move to modify . . . his sentence as

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

imposed by the Court and the manner in which the sentence is determined,
provided the sentence is within or below the advisory guideline range determined
by the Court to apply to this case." Mot. to Enforce, Ex. 2, at 5. The district
court sentenced him to eighty-four months of imprisonment, which was within the
applicable advisory guideline range of 84 to 105 months.

Although Mr. Waller waived his right to appeal his sentence, he
nonetheless filed this appeal raising five challenges to the district court's
determination of his sentence. The government has filed a motion to enforce
Mr. Waller's waiver of appellate rights under *United States v. Hahn*, 359 F.3d
1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Waller has responded that the
motion should be denied because enforcing the plea agreement will result in a
miscarriage of justice. As discussed below, we grant the government's motion
and dismiss the appeal.

This court will enforce a criminal defendant's waiver of his right to appeal
so long as the following three elements are satisfied: (1) "the disputed appeal
falls within the scope of the waiver of appellate rights," (2) "the defendant
knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the
waiver would [not] result in a miscarriage of justice." *Id.* 359 F.3d at 1325. As is
applicable here, a miscarriage of justice will result if "the waiver is otherwise
unlawful," to the extent that the alleged error "seriously affect[s] the fairness,

integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation omitted; citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The government's motion to enforce addresses each of the three *Hahn* prongs. Mr. Waller concedes that the sentence falls within the advisory guideline range and that he knowingly and voluntarily waived his right to appeal as stated in the plea agreement. Mr. Waller opposes the motion only on the third, miscarriage of justice, prong. We therefore address only that prong. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing court need not address each *Hahn* factor if defendant does not make argument with respect to that factor), *cert. denied*, 126 S. Ct. 550 (2005).

Mr. Waller argues that enforcement of the plea agreement would seriously affect the fairness, integrity, or public reputation of judicial proceedings. He argues that the district court erred in imposing a two-level sentence enhancement under U.S.S.G. § 2K2.1(b)(4), which provides for an enhancement if any firearm was stolen. Mr. Waller contends this enhancement resulted in him being punished twice for the same offense of possessing stolen firearms. He also contends that the district court erred in applying certain previous criminal convictions to increase his criminal history category.

Mr. Waller misinterprets the miscarriage of justice exception, which looks to whether "*the waiver* is otherwise unlawful," *Hahn*, 359 F.3d at 1327 (emphasis added), not whether some other aspect of the proceeding may have involved legal

error.  Mr. Waller's contention that his appeal waiver should be excused due to alleged errors in the determination of his sentence entails what *Hahn* noted as "the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]."[1]  *Id*. at 1326 n.12.  "The relevant question . . . is not whether [defendant's] sentence is unlawful . . ., but whether . . . his appeal waiver itself [is] unenforceable." *Porter*, 405 F.3d at 1144.  Indeed, to hold that alleged errors under the sentencing guidelines render an appeal waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.  This circular argument has been repudiated in many cases.  *See, e.g.*, *United States v. Morgan*, 386 F.3d 376, 381-82 (2d Cir. 2004), *cert. denied*, 543 U.S. 1169 (2005); *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003); *United States v. Brown*, 232 F.3d 399, 403-04 (4th Cir. 2000); *United States v. Kratz*, 179 F.3d 1039, 1041 (7th Cir. 1999).

Mr. Waller argues that this court should not enforce the appeal waiver because, at the time he entered the plea agreement, he did not know what his sentencing range would be or what facts the district court might use to increase his sentence under the advisory guidelines.  He cites to Second Circuit authority holding that, under some circumstances, a waiver of appeal will not be enforced if

---

[1]    While *Hahn* drew this distinction in determining whether an appeal waiver was knowing and voluntary, 359 F.3d at 1326 & n.12, it also applies in determining whether such a waiver was otherwise lawful.

the plea agreement does not specify an expected sentencing guideline range. *See United States v. Rosa*, 123 F.3d 94, 100-01 (2d Cir. 1997). "However, in this Circuit we have consistently and repeatedly held that broad waivers are enforceable even where they are not contingent on the ultimate sentence falling within an identified sentencing range." *United States v. Montano*, __ F.3d __, No. 06-2009, 2007 WL 10768, at * 3 (10th Cir. Jan. 3, 2007) (citing cases and expressly declining to adopt Second Circuit rule).

The plea agreement here made clear the maximum sentence Mr. Waller faced for the crime of conviction, that he gave up multiple constitutional and appellate rights in exchange for concessions from the government, and that his sentence would be determined in accordance with 18 U.S.C. § 3553(a), taking into consideration the applicable guidelines. As in *Porter*, the sentence imposed by the district court complied with the terms of the plea agreement and with the understanding of the plea Mr. Waller expressed at the plea hearing. Mr. Waller has not demonstrated that it would be a miscarriage of justice to enforce the waiver.

The government's motion to enforce the waiver is GRANTED and the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM