J. O’BRIEN, concurring.
A notice of appeal was filed almost before the ink was dry on Nicholson’s plea agreement waiving his right to appeal. In spite of his disregard of the agreement he signed (and told the district judge he understood), he expects to preserve the government’s concession — dropping one count of carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), which, upon conviction, carries a mandatory consecutive sentence of at least five years. The practice is becoming all too familiar.
Nicholson claims there was no “meeting of the minds” in the plea agreement because he did not know how much crack *737 cocaine would be attributed to him.[1] From that dubious premise he argues: 1) he did not knowingly and intelligently enter into the agreement and, in striking hyperbole, 2) enforcing the waiver would result in a miscarriage of justice. His arguments are contrary to our precedents (and the reasoning of the Supreme Court) and thus unworthy of serious attention; frivolous. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (legal points not arguable on the merits are frivolous); United States v. Heavrin, 330 F.3d 723, 729 (6th Cir.2003) (defining a “frivolous position” as “one lacking a reasonable legal basis”); see also Coleman v. Comnn’r, 791 F.2d 68, 71 (7th Cir.1986) (“A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. This is a standard applied under Fed.R.Civ.P. 11 for sanctions in civil litigation, and it is the standard we have used for the award of fees under 28 U.S.C. § 1927 and the award of damages under Fed. R.App. P. 38.”).
The methodology for attributing drug amounts is set out in the guidelines (which Nicholson and the government jointly asked the court to apply). In United States v. Hahn, we rejected the argument that “a defendant can never knowingly and voluntarily waive- his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence.” 359 F.3d 1315, 1326 (10th Cir. 2004) (en banc). We held this analysis “improperly focus[es] on the prospective result of the sentencing proceeding rather than the right relinquished.” Id. A defendant need “not know the specific detailed consequences of invoking [a waiver]” in order for it to be knowing and intelligent. United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); see also United States v. Montano, 472 F.3d 1202, 1205 (10th Cir.), cert. denied, — U.S.-, 128 S.Ct. 224, 169 L.Ed.2d 162 (2007) (expressly declining to adopt a rule that an appeal waiver is unenforceable when defendant did not know what the sentencing range would be at the time she entered into the plea agreement). “A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended ... the likely penalties attached to alternative courses of action.” Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
The government is expected to scrupulously abide a plea agreement. See Santobello v. N.Y., 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (“[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.”); United States v. Scott, 469 F.3d 1335, 1339 (10th Cir.2006) (same). Yet, Nicholson chooses to selectively ignore parts of the agreement and hopes to do so with impunity. Is it because he thinks there can be, or more accurately, will be, no attendant consequences? Not necessarily; the fairness coin has two sides. Perhaps the government should seek to set aside the plea agreement and proceed with the case as originally charged.

. The point has taken on dramatic, albeit late blooming, importance in Nicholson's papers. No objection was raised in the district court to the attribution rules or the method of computation in the Presentence Investigation Report.