FILED
United States Court of Appeals
Tenth Circuit

November 13, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CARLOS
MEDINA-CORRALES,

Defendant-Appellant.

No. 08-3241
(D.C. No. 6:08-CR-10063-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ** and **HOLMES**, Circuit Judges.

Defendant Juan Carlos Medina-Corrales entered a guilty plea to one count

of possession with the intent to distribute more than five grams of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. His

plea agreement states that he "knowingly and voluntarily waives any right to

appeal or collaterally attack any matter in connection with [his] prosecution,

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

conviction and sentence." Mot. to Enforce, Attach. A at 5 ¶9. The agreement further states that "[b]y entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id*. The district court determined that the advisory guideline range was 108 to 135 months and imposed a sentence of 108 months, at the low end of the range.

Defendant has filed an appeal from his sentence in which he seeks to challenge the district court's calculation of his sentence, specifically the court's conversion of $14,000 into a drug quantity, and the court's refusal to give him a sentence reduction for being a minor participant. The government has moved to enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Defendant concedes that his appeal falls within the scope of his appeal waiver and he does not assert that enforcing the appeal waiver would result in a miscarriage of justice. He argues instead that he did not knowingly and voluntarily waive his appeal rights.

"When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (quotation and citation omitted). Defendant does not raise any challenge with respect to language of the plea agreement. *See* Resp. to Mot. to Enforce at 3 (admitting that "[c]ertainly there is language that indicates that the appeal waiver is knowingly and voluntarily made" and "the appeal waiver is clearly defined in the plea agreement."). He argues, however, "that the plea colloquy was insufficient on the issue of [] giving up his right to appeal, in that it did not address the effect of relevant conduct on [his] sentence, and it did not address that the Court would be the final arbiter on issues relating to the appropriate guideline sentence." *Id.* at 3-4. He explains further that it was not made clear during the colloquy (1) what the appropriate guideline range would be; (2) who determines the guideline range; and (3) that he was "waiving the right to appeal even if the Court errs in its application of the sentencing guidelines." *Id.* at 4.

Essentially defendant is arguing that his appeal waiver cannot be considered knowing and voluntary because he did not know how the district court was going to calculate his sentence and what errors might occur in that process. We rejected a similar argument in *Hahn*. *See* 359 F.3d at 1326 (rejecting the

argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence."). And in *United States v. Montano*, 472 F.3d 1202, 1205 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 224 (2007), we expressly declined to adopt a rule that an appeal waiver is unenforceable when a defendant did not know what the sentencing range would be at the time she entered into the plea agreement.

As we explained in *Hahn*, a defendant need not "know with specificity the result he forfeits before his waiver is valid." 359 F.3d at 1327. "The law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances-even though the defendant may not know the specific detailed consequences of invoking it." *Id*. (brackets and quotation omitted). Defendant, therefore, did not need to know exactly how his sentence would be calculated in order to waive his right to appeal any aspect of his sentence. Moreover, it is clear from the plea agreement and the plea colloquy that the defendant was on notice that his sentence had not yet been calculated, that the district court would make the final decision about his sentence calculation, and that once it was calculated, defendant would not be able to challenge any aspect of that sentence (except in the limited circumstance of an upward departure from the applicable guideline range, which is not relevant here).

The plea agreement states that the parties' request that the United States Sentencing Guidelines be applied by the district court, it acknowledges that uncharged related criminal activity as well as conduct charged in any dismissed counts may be considered as relevant conduct in calculating the sentence under the guidelines; and it acknowledges that the sentence to be imposed will be determined solely by the district court. At the plea colloquy, the district court asked defendant if he understood his plea agreement and he said he did. The court asked defendant if he had any questions about the plea agreement and he said no.

During the plea colloquy, the court informed defendant that it did not know what sentence it would impose and that it could not know what sentence it would impose until it saw the presentence report. The court told defendant that if it believed that a sentence within the advisory guideline range was appropriate, defendant would not be able to withdraw his plea. After this statement, the court asked defendant if he understood and he said yes. The district court went over paragraph nine of the plea agreement, explaining that in that paragraph defendant was agreeing not to appeal his sentence as long as it is within the advisory guidelines. And the court further clarified, "you will not come back at a later date and ask me to reopen your case for some reason. The bottom line of Paragraph 9 is that you are agreeing that you will never ask any court anywhere at

any time for any reason to review your case."  Mot. to Enforce, Attach. B at 9-10.

The court asked if the defendant understood and he replied that he did.  At the

conclusion of the plea colloquy, the following exchange took place:

> THE COURT:  . . . And finally, for all practical purposes, you have no
> right to appeal.  Do you understand the rights you're giving up?
>
> DEFENDANT MR. MEDINA-CORRALES:  Yes.
>
> THE COURT:  Do you have any questions at this point?
>
> DEFENDANT MR. MEDINA-CORRALES:  No.
>
> THE COURT:  How do you plead to Count 1, guilty or not guilty?
>
> INTERPRETER MS. PAUBEL:  Guilty.

*Id*. at 13.

The plea colloquy and the plea agreement demonstrate that defendant

waived his appellate rights knowingly and voluntarily.  Accordingly, because

defendant has failed to carry his burden to show that the appeal waiver was not

entered knowingly and voluntarily, *see United States v. Edgar*, 348 F.3d 867,

872-73 (10th Cir.2003), we GRANT the government's motion to enforce the

appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

-6-