FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IGNACIO VARGAS-VARGAS,

Defendant-Appellant.

No. 09-2041
(D.C. No. 2:08‑CR‑02601‑JCH‑1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Defendant Ignacio Vargas-Vargas pleaded guilty in November 2008, to one

count of unlawful reentry in the United States after previous removal in violation

of 8 U.S.C. § 1326(a) and (b). The plea agreement contained a waiver of his right

to appeal, but defendant has filed an appeal claiming the district court erred in

calculating his sentence. The government now moves to enforce the appeal

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Having considered the motion and response, we grant the motion to enforce and dismiss the appeal.

Defendant waived the right to appeal "any sentence within the applicable sentencing guideline range and imposed in conformity with this plea agreement." Mot. to Enforce, Ex. 1, Plea Agreement at 5. The plea agreement specified that the sentence would be determined by the sentencing court after a presentence report ("PSR") was completed by the probation office; subject to defendant's objections thereto. *Id*. at 2. It included a chart indicating the possible base offense levels, depending on his criminal history, and how the agreed-upon "fast-track" reduction would affect those possible levels. *Id*. at 4. It permitted defendant to assert argument at sentencing regarding the application of USSG § 2L1.2 (unlawful entry) or § 4A1.1 (criminal history category). *Id*. at 2-3. At the plea hearing, defendant represented to the court that he understood that he would be sentenced by the court after it considered the advisory sentencing guidelines and the PSR, and that he was giving up the right to appeal any sentence within the guideline range. Mot. to Enforce, Ex. 3, Plea Hr'g Tr. at 21-23, 24-25.

The PSR recommended a sixteen-level enhancement to defendant's offense level under USSG § 2L1.2(b)(1)(A)(ii), based on a prior conviction for drug trafficking. Defendant objected at sentencing, but the district court ruled the

enhancement was warranted. Taking this into account, as well as the "fast-track" downward adjustment for acceptance of responsibility, the district court determined defendant had a total offense level of 18 and that the advisory guideline range was 41 to 51 months. It imposed a 41-month sentence, which was at the low-end of the range and well below the statutory maximum sentence of 20 years.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Defendant seeks to claim on appeal that the district court erred in applying the 16-level enhancement. He contends this issue is outside the scope of his appeal waiver because the court did not impose a sentence "in conformity with th[e] plea agreement." Plea Agreement at 5. He claims he never waived the right to appeal a sentence that was not within the correct "applicable" guideline range. Defendant cites caselaw holding that ambiguities in plea agreements are construed against the government, but he does not identify any ambiguity in his plea agreement or its appeal waiver, or otherwise present an argument that his plea agreement is somehow ambiguous.

Defendant's appeal falls squarely within the plain meaning of his appeal waiver. The plea agreement stated that the court would determine his sentence, and that it would do so based on its consideration of the sentencing guidelines and

the PSR. Both the plea agreement and the plea colloquy made clear that defendant could present arguments to the court concerning his criminal history, but that the court would ultimately determine the sentence based on its determination of the offense level and the other relevant sentencing factors. The district court conducted a straightforward application of the guidelines in determining the appropriate guideline range, and, after determining the offense level, exercised its discretion to impose a sentence within the advisory range. Defendant's appeal is a direct challenge to that determination. To hold that alleged errors in calculating defendant's sentence are outside the scope of his appeal waiver would nullify the waiver based on the very sort of claim it was intended to waive. *Cf. Hahn*, 359 F.3d at 1326 (rejecting the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence."); *United States v. Montano*, 472 F.3d 1202, 1205 (10th Cir. 2007) (rejecting argument that an appeal waiver is unenforceable when a defendant does not know what the sentencing range will be when entering plea agreement).

We conclude that the appeal is within the scope of the appeal waiver, based on the express terms of the plea agreement, defendant's reasonable understanding of those terms, and the record as a whole. Defendant does not argue that his waiver is otherwise invalid under the framework set forth in *Hahn*, 359 F.3d

at 1325.  Accordingly, the government's motion to enforce the appeal waiver is

GRANTED, and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM