FILED
United States Court of Appeals
Tenth Circuit

October 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN ESPINOZA,

Defendant-Appellant.

No. 09-3223
(D.C. No. 6:07-CV-01413-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Defendant Juan Espinoza pleaded guilty to possession with the intent to

distribute fifty grams or more of methamphetamine in violation of 21 U.S.C.

§§ 841(a) and (b)(1)(A) and 18 U.S.C. § 2.  Under the terms of his plea

agreement, defendant waived "any matter in connection with [his] prosecution,

conviction and sentence."  Mot. to Enforce, Attach. A (Plea Agreement) at 6.  The

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

district court determined the applicable sentencing range to be 135 to 168 months and sentenced defendant to 135 months' imprisonment, at the low end of the advisory guideline range and below the statutory maximum sentence of life imprisonment. Despite waiving his appellate rights, defendant has now filed an appeal, prompting the government to seek to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

Mr. Espinoza seeks to appeal his sentence, arguing the district court erred in determining the appropriate guideline range and imposed a sentence based on the wrong offense level. Under *Hahn*, we have adopted a three-prong analysis for determining whether an appellate waiver is enforceable; we examine whether: (1) the disputed appeal falls within the scope of the waiver of appellate rights; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would result in a miscarriage of justice. 359 F.3d at 1325. Mr. Espinoza concedes that his appeal falls within the scope of the appeal waiver.

He contends, however, that his appeal waiver was not knowing and voluntary because during the plea colloquy the district court (1) did not advise him that relevant conduct could be used to enhance his sentence; and (2) did not specifically ask him if he understood he was waiving his right to appeal his sentence. Mr. Espinoza bears the burden of demonstrating that he did not

knowingly and voluntarily enter into the agreement. *Id*. at 1329. In addressing this issue, we consider both the language of the plea agreement and the adequacy of the Federal Rule of Criminal Procedure 11 plea colloquy. *Id*. at 1325.

In his plea agreement, Mr. Espinoza specifically waived the right to appeal "any matter" in connection with his sentence so long as the sentence imposed was within the guideline range determined appropriate by the court and the court did not depart upwards from the advisory guideline range. Plea Agreement at 6-7. As noted, the court imposed a sentence at the low end of the advisory guideline range it determined appropriate, and it did not depart upwards from the advisory range.

At the plea colloquy, the district court asked Mr. Espinoza if he understood the sentence he would receive would be in the sole control of the judge; that there was no limit on what information the judge could consider at the time of sentencing about his background, character and conduct. Mot. to Enforce, Attach. B (Colloquy) at 12. Even more specifically, the district court asked Mr. Espinoza if he understood that the court could take into account all relevant criminal conduct, which could include counts to which he was not pleading guilty; conduct for which he had not been convicted; any prior criminal record; his role in the offense; and any victim-related circumstances. *Id.* at 13. Mr. Espinoza affirmatively and repeatedly told the court, under oath, that he did understand all of this. *Id*. at 12-13. Thus, quite clearly, there is no factual basis

to Mr. Espinoza's claim that the district court did not advise him that relevant conduct could be used to enhance his sentence. Furthermore, we have held that appellate waivers are enforceable even though a defendant did not know exactly how the waiver might apply. *See Hahn*, 359 F.3d at 1326 (rejecting the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence"); *United States v. Montano*, 472 F.3d 1202, 1205 (10th Cir. 2007) (rejecting argument that an appeal waiver is unenforceable when a defendant does not know what the sentencing range will be when entering the plea agreement).

Mr. Espinoza notes that during the plea colloquy, the district court asked him if he understood he was waiving his right to appeal his "conviction," not his "conviction and sentence," Colloquy at 9-10, and argues from this that his appeal waiver was not knowing and voluntary because it was not clear he was waiving his right to appeal his sentence. Our case law is to the contrary. "[A] sentencing court's statements made *after* the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver to create ambiguity where none exists in the written plea agreement." *United States v. Wilken*, 498 F.3d 1160, 1167 (10th Cir. 2007) (quotations omitted).

As noted, the plea agreement explicitly, clearly and unambiguously states that Mr. Espinoza knowingly and voluntarily agreed to waive his right to appeal his conviction *and* his sentence if the court did not depart upwards from the applicable sentencing guideline range determined by the court. Plea Agreement at 6-7. Mr. Espinoza signed the plea agreement before entering into the plea colloquy. Thus, he knowingly and voluntarily waived his right to appeal from his conviction and his sentence.

Next, Mr. Espinoza contends that it would be a miscarriage of justice to enforce his appeal waiver because he received ineffective assistance of counsel in connection with the appeal waiver. Under the third *Hahn* prong, a miscarriage of justice occurs in situations where: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel resulted in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. 359 F.3d at 1327.

Mr. Espinoza contends his counsel did not inform him of the consequences of the appeal waiver and had advised him that if he signed the plea agreement, he would receive a sentence of three years. We decline to reach the merits of this challenge. Such a claim must be raised by motion under 28 U.S.C. § 2255 rather than by direct appeal, and "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citing *Hahn*,

359 F.3d at 1327 n.13); *see also United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (stating that we have followed the practice of requiring that ineffective-assistance-of-counsel claims be brought in a collateral proceeding, "even when the issues on direct appeal are sufficiently developed for us to pass judgment, reasoning that we benefit from the views of the district court regarding such claims"). Mr. Espinoza's plea agreement also waived collateral review, but that waiver does not bar an ineffective-assistance claim relating to negotiations leading to the waiver itself. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001); *see also* Plea Agreement at 6 (permitting defendant to file § 2255 ineffective-assistance-of-counsel challenge, in accordance with *Cockerham*).

We GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM