FILED
United States Court of Appeals
Tenth Circuit

March 31, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOE ANTHONY MARTINO,

Defendant-Appellant.

No. 09-3365
(D.C. No. 5:08-CR-40027-SAC-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Defendant Joe Anthony Martino entered a guilty plea to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). His plea agreement states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." Mot. to Enforce, Attach. 1 (Plea Agreement) at 7 ¶10. The agreement further states that "[b]y entering into this

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id*. The district court determined that the advisory guideline range was 57-71 months and imposed a sentence of 60 months, which was the statutory maximum.

Defendant has filed an appeal in which he seeks to challenge the district court's calculation of his sentence, arguing that (1) the district court erred in relying on insufficient and unreliable evidence to determine the drug quantity attributable to him for the purposes of determining his guideline range; and (2) the district court erred in applying the sentencing factors of 18 U.S.C. § 3553(a). The government has moved to enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Defendant contends his appeal does not fall within the scope of his appeal waiver; his waiver was not knowing and voluntary; and enforcing his appeal waiver would result in a miscarriage of justice.

Scope of the Appeal Waiver

Defendant argues that the scope of his appeal waiver was limited to a guideline range that was "appropriately" determined by the district court, which required the district court to use reliable evidence to calculate his guideline range. Resp. to Mot. to Enforce at 9. But the appeal waiver in defendant's plea agreement provides that defendant "waives any right to appeal or collaterally attack *any matter* in connection with [his] prosecution, conviction and sentence." Mot., Attach. 1 (Plea Agreement) at 7 ¶10. Defendant's challenge to evidence used by the district court to calculate his sentence is a "matter in connection with [his] . . . sentence," *see id.*, and falls within the scope of his appeal waiver. The waiver further provides that "the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id*. Defendant argues that "[t]he result of the court's errors in his case was *effectively* an upward departure." Resp. at 9 (emphasis added). But again this is a challenge to the district court's calculation of the guideline range as there was no actual upward departure in this case. Because the district court imposed a sentence within the applicable sentencing guideline range, defendant's appeal falls within the scope of his appellate waiver.

Knowing and Voluntary Appeal Waiver

"When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (citation omitted). But defendant does not challenge the language of the plea agreement or any portion of the plea colloquy. *See* Resp. at 10. Instead, defendant argues his waiver was not knowing and voluntary because he could not have known "that the court would use less than reliable information or employ a lesser standard of proof to determine the amount of weight which would determine his guideline range." *Id*.

Essentially defendant is arguing that his appeal waiver cannot be considered knowing and voluntary because he did not know how the district court was going to calculate his sentence and what errors might occur in that process. We rejected a similar argument in *Hahn*. *See* 359 F.3d at 1326 (rejecting the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence"). And in *United States v. Montano*, 472 F.3d 1202, 1205 (10th Cir. 2007), we expressly declined to adopt a rule that an appeal waiver is unenforceable when a defendant

did not know what the sentencing range would be at the time she entered into the plea agreement.

As we explained in *Hahn*, a defendant need not "know with specificity the result he forfeits before his waiver is valid." 359 F.3d at 1327. "The law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Id*. (brackets and quotation omitted). Defendant, therefore, did not need to know exactly how his sentence would be calculated in order to waive his right to appeal any aspect of his sentence.

As the government's motion details, the plea agreement and the plea colloquy demonstrate that defendant knowingly and voluntarily waived his appellate rights. *See* Mot. to Enforce at 4-5. Defendant has failed to carry his burden to show that the appeal waiver was not entered knowingly and voluntarily. *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Miscarriage of Justice

Finally, defendant asserts the appeal waiver in his plea agreement should not be enforced because it would result in a miscarriage of justice. An appeal waiver results in a miscarriage of justice where: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in

connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation omitted).

Defendant contends that the district court "erred by calculating [his] offense level based on evidence that the government did not prove by a preponderance and facts that were unsupported by the record at sentencing." Resp. at 11. Defendant does not identify which factor is at issue in his case, but it appears he is arguing that the waiver is otherwise unlawful because the other three factors are not at issue here. In order to meet his burden on the fourth factor, *see United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004), "'the error [must] seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings.'" *Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Although defendant asserts that the district court erred in the calculation of his sentence, he has not demonstrated that any alleged error seriously affected the fairness, integrity or public reputation of the judicial proceedings.

Accordingly, defendant has not established any of the applicable exceptions to the enforcement of his appeal waiver. We therefore GRANT the government's

motion to enforce the appeal waiver contained in defendant's plea agreement and

DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM