FILED
United States Court of Appeals
Tenth Circuit

July 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES HEAGS,

Defendant-Appellant.

No. 09-3383
(D.C. No. 2:07-CR-20168-JWL-8)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant James Heags's plea agreement.  The

defendant pleaded guilty to conspiracy to distribute or possess with intent to

distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846.

The district court sentenced defendant to a total of 235 months' imprisonment.

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

This sentence was below the statutory maximum of life imprisonment and at the low end of the 235 to 293 month advisory guideline range determined by the district court. In his plea agreement, the defendant "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." Mot. to Enforce, attached Plea Agreement at 6. As to his sentence, the defendant expressly agreed to waive "any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* Nevertheless, the defendant filed a notice of appeal, seeking to challenge his sentence. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

In *Hahn*, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver

invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

The defendant intends to claim on appeal that the district court erred in denying his motion for a variance and in overruling his objections to the presentence report (PSR). The defendant admits that his appeal falls within the scope of his appeal waiver. He asserts that his appeal waiver was not knowingly and voluntarily entered and that it would be a miscarriage of justice to enforce it because "one of his issues on appeal is whether the court erred in considering relevant conduct that he did not know would be used to calculate the Guidelines sentence imposed." Response at 9. We have repeatedly held, however, that appellate waivers are enforceable even though a defendant did not know exactly how the waiver might apply. *See Hahn*, 359 F.3d at 1326 (rejecting the argument that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence"); *United States v. Montano*, 472 F.3d 1202, 1205 (10th Cir. 2007) (rejecting argument that an appeal waiver is unenforceable when a defendant does not know what the sentencing range will be when entering the plea agreement). Looking at the language of the plea agreement and the plea colloquy, it is clear that the defendant was advised of the consequences of his appeal waiver, as he concedes. Response at 10. He repeatedly told the court that he understood those

consequences and was knowingly and voluntarily agreeing to the appeal waiver, Mot. to Enforce, attached Tr. of Plea Hearing, at 21-23. Thus, the defendant has failed to establish that he did not knowingly and voluntarily agree to his appeal waiver. Further, we have held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful.").

The defendant's miscarriage-of-justice argument also rests on claims of ineffective assistance of counsel in connection with the negotiation of the appeal waiver. An ineffective assistance of counsel claim must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (holding that this rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel). Thus, this claim is not properly brought on direct appeal. We have held that a plea agreement waiver of postconviction rights does not waive the right to bring a 28 U.S.C. § 2255 motion based on ineffective assistance of counsel claims that challenge the validity of the plea or the appeal waiver. *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Indeed, the defendant's appeal waiver expressly recognizes his right to bring such an ineffective assistance of counsel claim in a § 2255 motion. Plea Agreement at 6. Thus,

defendant is not prohibited by the appeal waiver from raising his ineffective assistance of counsel claims in a § 2255 motion.

The government's motion is GRANTED, and the appeal is DISMISSED, without prejudice to the defendant's right to raise an ineffective assistance of counsel claim in a collateral proceeding.

ENTERED FOR THE COURT
PER CURIAM