[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2004
THOMAS K. KAHN
CLERK**

_____

No. 04-10290
Non-Argument Calendar

_____

D.C. Docket No. 03-14038-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE WOODARD,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(October 18, 2004)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

David Lee Woodard appeals his conviction for being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

Woodard contends (1) the magistrate judge lacked the authority under the Federal Magistrates Act, 28 U.S.C. § 636, (FMA) to accept his guilty plea and adjudicate him guilty of a felony; and (2) even if the FMA authorized such actions, the delegation of these duties to a magistrate judge would violate the principles of Article III of the United States Constitution. We join the six other circuits that have addressed these issues and hold there was no error, statutory or constitutional, in the magistrate judge accepting Woodard's guilty plea and adjudicating him guilty.

## I. BACKGROUND

Woodard was charged in a one-count indictment for being a felon in possession of a firearm on or about July 11, 2003. Woodard signed a plea agreement, and the magistrate judge conducted a change of plea hearing, as well as a Federal Rule of Criminal Procedure 11 colloquy. At the change of plea hearing, the magistrate judge stated to Woodard, "You understand that I am a United States Magistrate Judge. I am not a District Judge. Do you understand that?" After Woodard affirmatively replied "Yes, sir, Your Honor," the magistrate judge further explained, "Do you understand that you do not have to consent. You can hold off, and you have the right to have [the district judge] hear your change of

2

plea. Do you understand that?" Once more, Woodard replied, "Yes, sir, Your Honor."

The magistrate judge then proceeded to the change of plea colloquy. After determining that Woodard was competent and a factual basis existed for the guilty plea, the magistrate judge accepted Woodard's guilty plea as follows: "The plea is, therefore, accepted by me, and the defendant is now adjudged guilty of that offense."

Woodard's sentencing hearing was conducted by the district judge. After sentencing Woodard for the felon in possession of a firearm count, the district judge stated: "Now that sentence has been imposed, does the Defendant or his counsel object to the Court's finding of fact or to the manner in which sentence was pronounced?" Woodard neither objected to the sentence imposed nor the prior plea colloquy conducted by the magistrate judge.

Woodard contends that even though he expressly consented to the magistrate judge conducting the Rule 11 colloquy, the magistrate judge had no authority to accept his guilty plea and adjudicate him guilty of a felony. Woodard challenges the magistrate judge's authority to perform such actions on both statutory and constitutional grounds.

## II. STANDARD OF REVIEW

3

Woodard neither objected to the plea proceedings conducted by the magistrate judge nor subsequently moved to withdraw his plea at his sentencing hearing; therefore, we review the statutory and constitutional issues raised in his appeal for plain error. *See United States v. Maragh*, 174 F.3d 1202, 1204 (11th Cir. 1999) ("Because [the defendant] made no objection to the magistrate judge's conducting of voir dire, we review the district court's delegation of jury selection to the magistrate judge only for plain error."); *see also United States v. Acevedo*, 285 F.3d 1010, 1011–12 (11th Cir. 2002) (noting constitutional issues not raised in the district court are subject to plain error review). The four-prong test to establish plain error is: (1) there must have been an error; (2) the error must have been plain; (3) the error must have seriously affected substantial rights; and (4) the error must have seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Acevedo*, 285 F.3d at 1012.

## III. DISCUSSION

This Court has never addressed the issue of whether a magistrate judge has the authority to accept a defendant's guilty plea and adjudicate him guilty. In addressing this issue, we will first consider whether the magistrate judge had the statutory authority under the FMA to perform such actions. Second, we will

4

consider whether delegating these duties to a magistrate judge offends the principles of Article III of the Constitution.

We join every circuit to have examined these issues, and hold (1) the FMA authorizes a magistrate judge, with the defendant's consent, to conduct Rule 11 proceedings, and (2) the statutory grant is not an impermissible usurpation of Article III powers. *See, e.g.*, *United States v. Osborne*, 345 F.3d 281, 285–90 (4th Cir. 2003); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–22 (9th Cir. 2003); *United States v. Torres*, 258 F.3d 791, 794–96 (8th Cir. 2001); *United States v. Dees*, 125 F.3d 261, 264–69 (5th Cir. 1997); *United States v. Ciapponi*, 77 F.3d 1247, 1249–52 (10th Cir. 1996); *United States v. Williams*, 23 F.3d 629, 632–34 (2d Cir. 1994).[1]

A. *Statutory Challenge*

The FMA regulates the authority and jurisdiction of magistrate judges. *See* 28 U.S.C. § 636; *see also Maragh*, 174 F.3d at 1204. The FMA explicitly names certain duties and functions which magistrate judges can perform. *See* 28 U.S.C. § 636(b)(1)(A)–(B). In addition to these enumerated duties, the FMA also includes a "catchall provision" that states magistrate judges "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the

---

[1] Woodard fails to identify, and we have not found, any circuit court holding to the contrary.

United States." *Id.* § 636(b)(3). The authority to conduct Rule 11 proceedings and to take guilty pleas is not among the FMA's enumerated duties; therefore, whether magistrate judges can perform such actions must be analyzed under the "additional duties" clause of § 636(b)(3).

Although we have not addressed this issue directly, both the United States Supreme Court and our Court have considered the analogous issue of whether the "additional duties" clause authorized magistrate judges to conduct voir dire in criminal proceedings. *See Peretz v. United States*, 501 U.S. 923, 111 S. Ct. 2661 (1991); *Maragh*, 174 F.3d 1202. In *Peretz*, the Supreme Court noted any "additional duties performed pursuant to [§ 636(b)(3)] reasonably should bear some relation to the specified duties that the statute assigned to magistrates." 501 U.S. at 930, 111 S. Ct. at 2666 (internal quotation omitted). The Court found that the defendant's consent "makes the crucial difference" in determining whether or not an additional duty resembles one of the FMA's enumerated duties. *Id.* at 933, 111 S. Ct. at 2667. The Court explained that under the FMA, magistrate judges can be delegated more extensive powers when the parties have consented. *Id.*

In addition, we have explained, "[t]he Supreme Court's interpretation of section 636(b)(3) establishes the presence or absence of consent as the crucial factor in determining what duties the section encompasses." *Maragh*, 174 F.3d at

6

1204; *see also id.* at 1205 (holding "consent is of paramount importance" in determining the duties the district court could delegate to a magistrate judge). In *Maragh*, we recognized the Supreme Court's holding that "as long as a defendant consented, a magistrate judge rather than an Article III judge could conduct voir dire in a felony case under section 636(b)(3)." *Id.* at 1205 (citing *Peretz*, 501 U.S. at 934–36, 111 S. Ct. at 2668–69).

In this case, Woodard expressly consented to the magistrate judge conducting his plea colloquy. At the change of plea hearing, the magistrate judge explicitly explained that he was a magistrate judge and not a district judge, and that Woodard had the right to "hold off" and have the district judge hear his change of plea. Woodard stated that he understood. Moreover, at the sentencing hearing conducted by the district judge, Woodard neither objected to the sentence imposed nor to the prior plea colloquy conducted by the magistrate judge.

Nonetheless, Woodard argues the enumerated duties in the FMA "pale in comparison with [the] gravity and importance of accepting a guilty plea and adjudicating an individual guilty of a felony." Several of our sister circuits have rejected this argument. *See, e.g.*, *Osborne*, 345 F.3d at 286–88; *Reyna-Tapia*, 328 F.3d at 1119–21; *Dees*, 125 F.3d at 264–66; *Williams*, 23 F.3d at 632–33. Conducting a plea colloquy "is a highly structured event that follows a familiar

7

script and is governed by the specific terms of Rule 11." *Reyna-Tapia*, 328 F.3d at 1120. "[T]he comprehensive provisions of Rule 11 . . . carefully explain what a court must inquire about, what it should advise a defendant and what it should determine before accepting a plea." *Williams*, 23 F.3d at 632 (citing Fed. R. Crim. P. 11).

As our sister circuits have noted, conducting a plea colloquy, while important, is "less complex" than several of the duties the FMA expressly authorizes magistrate judges to perform. *Williams*, 23 F.3d at 632–33; *see also Osborne*, 345 F.3d at 286–88; *Reyna-Tapia*, 328 F.3d at 1119–21; *Dees*, 125 F.3d at 264–66. For example, the FMA permits magistrate judges to conduct entire civil and misdemeanor trials if the parties have consented. 28 U.S.C. § 636(a)(3), (c)(1). The FMA also specifically permits magistrate judges to hear and determine pretrial matters, to conduct evidentiary hearings, and to submit to the district court proposed findings of fact and recommendations for disposition. *Id.* § 636(b)(1)(A)–(B). Determining the voluntariness of an out-of-court statement—an evidentiary question which magistrate judges can perform—"is remarkably similar to the inquiry into the voluntariness of a guilty plea that underlies the Rule 11 proceeding." *Reyna-Tapia*, 328 F.3d at 1120.

8

Like our sister circuits, we find that conducting a Rule 11 proceeding is comparable to the FMA's enumerated duties. Therefore, we join our sister circuits in similarly holding that a magistrate judge has the authority under the "additional duties" clause of FMA to conduct Rule 11 proceedings when the defendant consents.

B. *Constitutional Challenge*

In *Peretz*, the Supreme Court explained that the defendant's consent was critical to the constitutional analysis as well. 501 U.S. at 932–40, 111 S. Ct. at 2667–71. The Court considered two potential constitutional constraints on the delegation of duties to magistrate judges. First, the Court considered whether a delegation of duty violates the defendant's personal right to demand the presence of an Article III judge at critical phases of the trial. *Id.* at 936–37, 111 S. Ct. at 2669. The Court explained that like other personal rights of criminal defendants, this right could be waived. *Id.*; *see also Maragh*, 174 F.3d at 1206 ("In order for a magistrate judge to conduct jury voir dire in a felony criminal proceeding, a defendant must give consent, or in other words, a defendant must waive the right to have an Article III judge conduct voir dire."). In this case, Woodard explicitly consented to the magistrate judge conducting his Rule 11 colloquy. Woodard now

concedes that this consent constituted a valid waiver of his right to have the district judge perform the Rule 11 colloquy.

The second constitutional constraint considered by the Supreme Court in *Peretz* was whether delegating certain duties to magistrate judges would offend the structural protections provided by Article III. 501 U.S. at 937–39, 111 S. Ct. at 2669–71. The Court assumed such structural protections were not subject to waiver. *Id.* at 937, 111 S. Ct. at 2669. Here, Woodard bases his constitutional challenge on this structural argument. Woodard asserts that even if we found the magistrate judge was authorized under the FMA to accept his guilty plea and adjudicate him guilty of a felony, the statutory grant would constitute a structural error in violation of Article III, because the Article I Legislature, through the FMA, would have impermissibly usurped the express powers of Article III judges.

Like the statutory challenge, every circuit to have considered this constitutional argument has rejected it and held that the statutory grant is not an impermissible usurpation of Article III powers. *See, e.g.*, *Osborne*, 345 F.3d at 288–90; *Reyna-Tapia*, 328 F.3d at 1118–22; *Torres*, 258 F.3d at 794–96; *Dees*, 125 F.3d at 266–69; *Ciapponi*, 77 F.3d at 1250–52; *Williams*, 23 F.3d at 634.

In rejecting the structural argument, our sister circuits have relied on the Supreme Court's holding in *Peretz*. In *Peretz*, the Court held the structural

10

protections of Article III are not jeopardized when magistrate judges conduct voir dire because district judges still exert ultimate control over magistrate judges. The Court explained that because district judges have supervisory power over magistrate judges, "there is no danger that use of the magistrate involves a congressional attemp[t] to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating constitutional courts." 501 U.S. at 937, 111 S. Ct. at 2669–70 (alteration in original) (internal quotation omitted).

The Supreme Court also noted that the availability of de novo review by district judges removes the fear that Article III powers are being impermissibly usurped when duties are delegated to magistrate judges. *Id.* at 939, 111 S. Ct. at 2670–71. District judges do not actually have to exercise de novo review of magistrate judges' decisions, however, unless an objection is made. The Court explained that "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Id.* It is "the *availability* of [de novo] review, upon request by the parties, rather than a required performance thereof, that safeguard[s] the integrity of the federal judiciary." *Osborne*, 345 F.3d at 289 (emphasis added).

In his reply brief, Woodard tries to draw a distinction between our sister circuits' cases and his case by claiming that "in just about all of those cases," the

11

magistrate judge prepared a report and recommendation to be reviewed by the district judge and the district judge actually accepted the defendant's guilty plea. In Woodard's case, on the other hand, the magistrate judge accepted his guilty plea. We note the decisions reveal a lack of uniformity in the language used by magistrate judges.[2] However, the critical factor in all of the decisions was that a district court, as a matter of law, retained the ability to review the Rule 11 hearing *if requested*. *See Osborne*, 345 F.3d at 289 n.8; *see also Reyna-Tapia*, 328 F.3d at 1121 ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."); *Dees*, 125 F.3d at 268 n.7 ("Even though the Magistrates Act does not expressly provide for de novo review of plea proceedings, the only constitutional requirement is that it be available if the parties so request."); *Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding.").

---

[2] *Compare Torres*, 258 F.3d at 793 (report and recommendation), *and Dees*, 125 F.3d at 263 (magistrate judge "recommended" district court accept the defendant's plea), *with Osborne*, 345 F.3d at 283 (magistrate judge "accept[ed]" the guilty plea but also advised defendant that district court retained power to accept or reject guilty plea), *and Ciapponi*, 77 F.3d at 1249 (magistrate judge "accepted" the guilty plea).

In this case, Woodard did not request that the district court review the Rule 11 hearing. During sentencing, the district court explicitly asked if there were any objections "to the Court's finding of fact or to the manner in which sentence was pronounced." Contrary to Woodard's claims, the magistrate judge did not appropriate the district court's ultimate decision-making authority. Rather, Woodard failed to either request a review of the Rule 11 hearing or object to the magistrate judge's actions. Like our sister circuits, we hold that delegating the authority to conduct Rule 11 proceedings to magistrate judges does not offend the principles of Article III.

## IV. CONCLUSION

Accordingly, there was no plain error, statutory or constitutional, with the magistrate judge accepting Woodard's guilty plea and adjudicating him guilty.

AFFIRMED.