NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 15, 2013
Decided March 19, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 12-2127 <br><br> UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> DUANE L. MOORE, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 3:11-CR-30188-001-DRH <br> David R. Herndon, *Chief Judge*. |

### Order

Duane Moore pleaded guilty to distributing cocaine. 21 U.S.C. §841(a)(1). The prosecutor filed an information charging him with three prior felony convictions, which exposed him to a maximum sentence of 30 years. 21 U.S.C. §§ 841(b)(1)(C), 851. The district court sentenced him to 216 months. He appealed, but his appellate lawyer has filed an *Anders* brief, concluding that all potential issues are frivolous.

Although Moore has not replied to counsel's submission, see Circuit Rule 51(b), he has asked his lawyer to challenge the recidivism enhancement, which affected his sentence because he was treated as a career offender, see U.S.S.G. §4B1.1(b), and the career-offender guideline depends on the statutory maximum. Moore contends that it was error to set his maximum term at 30 years because that possibility was not mentioned in the indictment. But §851 does not require such a mention; all it requires is an information filed "before entry of a plea of guilty." That occurred, and effect of the information was discussed in open court before Moore entered his plea.

Counsel observes that one of Moore's convictions (in 2001) might be excludable because it did not lead to imprisonment and occurred more than ten years before he committed the federal offense. But two other convictions (in 2002 and 2009) count, and under §841(b)(1)(C) even one is enough to increase the maximum sentence. The career-offender Guideline says that two prior convictions for drug offenses or crimes of violence suffice. So there is no colorable ground on which to contest the career-offender enhancement. And, since Moore's sentence lies within a properly calculated range, it is presumptively reasonable. See *Rita v. United States*, 551 U.S. 338, 347 (2007). Counsel rightly concludes that the district judge could not plausibly be accused of ignoring or misapplying the statutory factors. See 18 U.S.C. §3553(a).

There remains the question whether Moore could challenge the guilty plea itself. Moore told counsel that he does not want to withdraw his plea, but it is unclear whether Moore understands that the plea is potentially vulnerable to a legal challenge. Moore changed his plea to guilty before a magistrate judge rather than a district judge. Although Moore expressly consented to have a non-Article-III officer take his plea, as a local rule authorizes (C.D. Ill. R. 72.1), it is an open question in this circuit whether that procedure is proper. Fed. R. Crim. P. 59(b) allows a district court to refer "dispositive" matters to a magistrate judge but requires review by the district judge afterward. Acceptance of a guilty plea may well be "dispositive" for this purpose.

Before the adoption of Rule 59(b) in 2005, several circuits had held that a magistrate judge may accept a plea with all parties' consent. See *United States v. Woodward*, 387 F.3d 1329, 1331–34 (11th Cir. 2004); *United States v. Osborne*, 345 F.3d 281, 285–90 (4th Cir. 2003); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–22 (9th Cir. 2003) (en banc); *United States v. Torres*, 258 F.3d 791, 794–96 (8th Cir. 2001); *United States v. Dees*, 125 F.3d 261, 264–68 (5th Cir. 1997); *United States v. Ciapponi*, 77 F.3d 1247, 1249–52 (10th Cir. 1996); *United States v. Williams*, 23 F.3d 629, 631–35 (2d Cir. 1994). See generally *Peretz v. United States*, 501 U.S. 923 (1991) (discussing which duties may be assigned to magistrate judges in criminal prosecutions). These decisions differ on whether the magistrate judge's decision is conclusive or is subject to review, on the record, by the district judge. None of these post-dates the 2005 amendment to Rule 59—and the amended Rule 59 itself is silent about whether the distinction between dispositive and nondispositive referrals applies to all matters, or only to matters referred without the parties' consent.

If Moore remains content with his plea, it would be an injustice to expose him to the risk of losing the benefit of his plea bargain just because of some legal uncertainty about the procedure the district court used. But Moore may not have appreciated that he has at least one non-frivolous means of contesting his plea. Before acting on counsel's *Anders* brief, we request counsel to discuss this subject with their client and ask Moore to choose whether to ask for a remand on this subject. If Moore remains content with his plea, counsel should so inform us; otherwise counsel should file a brief addressing this non-frivolous issue.