[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14466

_____

D.C. Docket No. 8:16-cr-00275-VMC-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVIN AHESIA-JAY PEMBERTON,
a.k.a. Marco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 11, 2019)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and ROBRENO,[*]
District Judge.

_____

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

ROBRENO, District Judge:

Pemberton appeals a sex trafficking conviction that resulted from a guilty plea. He contends that he was not advised of all of his rights in accordance with Rule 11 and was not informed of the mens rea required for the offense of conviction. Because Pemberton invited the district court to not advise him of all of his rights under Rule 11 and he was advised of the mens rea required by the offense of conviction before he pleaded guilty, we affirm.

## I.    BACKGROUND

Appellant was indicted on two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591. He pleaded guilty to one count. Pemberton's plea colloquy was initially conducted by a magistrate judge, who informed Pemberton of all of his rights in accordance with Rule 11. But the magistrate judge ultimately did not accept the guilty plea because Pemberton objected to the government's factual basis for the plea, arguing that he did not know the victim was a minor because she told him she was 18 years old. The magistrate judge adjourned the proceeding and returned the plea hearing to the district judge because the parties disagreed about whether the government, to prove the mens rea required for the charged offense, must prove knowledge, reckless disregard, or merely an

2

opportunity to observe the victim.[1]

The next day, the plea hearing resumed in front of the district court judge.[2]  The district court heard argument and then resolved the legal issue concerning the mens rea required to satisfy the elements of the offense, determining that under 18 U.S.C. § 1591 the government was required to prove only a reasonable opportunity to observe the victim.

Pemberton was then sworn in before the district court.  The district court first advised Pemberton that the government would have to prove he had a reasonable opportunity to observe the victim.  Second, the district court advised Pemberton that it would be "happy to go through everything again," and Pemberton, through counsel, confirmed that it was "acceptable" for the court to proceed without repeating the Rule 11 rights.[3]  The government proceeded to lay

---

[1] This Circuit has recently held that 18 U.S.C. § 1591 permits the government to prove sex trafficking of a minor by proving "that [the defendant] had a reasonable opportunity to observe [the victim] instead of by proving that [the defendant] either knew or recklessly disregarded [the victim's] age."  *United States v. Whyte*, 928 F.3d 1317, 1327 (11th Cir. 2019).  Thus, there is no longer any reason for confusion on this issue.

[2] The district court listened to the audio file of the proceedings before the magistrate judge prior to the commencement of the proceedings before the district court.

[3] "THE COURT: Judge Sneed took a lot of time yesterday with him, and it was a one-hour hearing, and I think she went through everything.  Now, I'm happy to go through everything again if anybody thinks that we need to do that, but I think that everything was covered.

Now, I need to finish up the guilty plea, but I think we left off at the elements of the offense and then it just kind of came to a halt.  So I'm willing to continue where she left off.

Mr. Fitzgerald, is that acceptable to you or do you want me to go through all the questions again?

MR. FITZGERALD: Judge, that's acceptable."

the factual basis for the conviction, with which Pemberton agreed, admitting that he had a reasonable opportunity to observe the victim.  Next, the district court advised Pemberton of all of the rights in Rule 11, which included the rights already covered the day before by the magistrate judge, except for the right to counsel at trial.  At the conclusion of the colloquy, the district court accepted Pemberton's guilty plea.  Last, the district court further explained the legal basis for its earlier decision on the mens rea issue, requiring the government to prove only that Pemberton had a reasonable opportunity to observe the victim.

Pemberton now claims the district court committed two errors.  First, he argues the district court failed to advise him of of his right to counsel at trial as required by Rule 11.  Second, he claims the district court did not adequately inform him of the applicable mens rea required for the offense.  Accordingly, Pemberton argues, the guilty plea was not knowing and voluntary. [4]

## II.    DISCUSSION

Pemberton's Rule 11 argument was forfeited, and his mens rea argument lacks merit.  Pemberton invited any error the district court committed by not advising him of his right to counsel at trial.  And Pemberton was advised of the

---

[4] Although Pemberton frames the issues as the district court's failures to comply with the requirements of Rule 11, the ultimate question is whether Pemberton's plea was knowing and voluntary.  *See Brady v. United States*, 397 U.S. 742, 747 (1970) ("[G]uilty pleas are valid if both 'voluntary' and 'intelligent.'"); *United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000) ("Generally, this circuit will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the [knowing and voluntariness of the plea].").

mens rea required by the offense before he pleaded guilty, so this was not error. Thus, his plea was knowing and voluntary.

### A.    Pemberton Invited Any Error By The District Court In Not Advising Him Of His Right To Counsel At Trial.

Pemberton agreed that the district court need not repeat "the questions" the magistrate judge had covered at the first hearing, which included advising him of his right to counsel at trial.  Because Pemberton's counsel agreed that it would not be necessary for the district court to advise Pemberton of any Rule 11 rights, the doctrine of invited error applies.

When a party "induces or invites the district court into making an error," the invited error doctrine precludes the Court from reversing based on the error.  *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (quoting *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998)); *see also Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1294 (11th Cir. 2002) ("Where invited error exists, it precludes a court from 'invoking the plain error rule and reversing.'" (quoting *United States v. Davis*, 443 F.2d 560, 564–65 (5th Cir. 1971))).  An error is invited when the alleged error is the result of "an affirmative, apparently strategic decision" by the party alleging the error.  *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003).

The invited error doctrine applies to the alleged error stemming from

5

the district court's failure to advise Pemberton of his right to counsel at trial.

Because Pemberton declined the district court's offer to repeat the advice that the

magistrate judge had covered the day before, he invited any error by the district

court. This affirmative act is the very kind of apparently strategic decision for

which the invited error doctrine is intended to preclude reversal. *See id.* at 1290

(holding that "affirmatively agreeing" and "effectively caus[ing]" the alleged error

triggers the application of invited error). Thus, Pemberton's argument that the

district court erred by failing to advise him of his right to counsel at trial is

precluded by the doctrine of invited error.[5]

## B.    *The District Court Did Not Commit Error In Informing Pemberton Of The Mens Rea Required For The Offense.*

Pemberton was adequately informed by the district court of the mens

---

[5] Additionally, it is not error for two different judicial officers to conduct a guilty plea hearing over two consecutive days. A magistrate judge may be assigned duties, including any duties "not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). And this Circuit has held that this authority to assign includes assigning the duty of accepting a defendant's guilty plea. *United States v. Woodard*, 387 F.3d 1329, 1331 (11th Cir. 2004) (per curiam). Further, a district court has inherent authority derived from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Thus, consistent with the district court's statutory authority to designate cases to other judicial officers and inherent authority to manage its caseload, the district court may continue a plea colloquy from where a magistrate judge left off. *Cf. United States v. McCullough*, 851 F.3d 1194, 1199 (11th Cir. 2017) (noting that, based on statutory authority and inherent authority, "the district court had the authority to reassign [the defendant's] case" for sentencing following his guilty plea). This is especially true when only one day elapsed between the appearance before the magistrate judge and the appearance before the district court. Other considerations might be relevant to the analysis where more time expires between the appearances.

rea element of the offense before he pleaded guilty.

Before he enters a plea of guilty, a defendant is entitled to be informed of the "nature of the charge[s] against him," including the mens rea required for the offense. *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). This requirement is satisfied if the court "read[s] the indictment, list[s] the essential elements and confirm[s] that [the defendant] ha[s] reviewed the plea agreement and the indictment with counsel." *United States v. DePace*, 120 F.3d 233, 238 (11th Cir. 1997).

Here, the record shows that the district court informed Pemberton of the mens rea element of the offense before the guilty plea was entered. The district court first decided that the government only needed to prove that Pemberton had a reasonable opportunity to observe the victim. Then, Pemberton was sworn in and was told the government would need to prove beyond a reasonable doubt that he had a reasonable opportunity to observe the victim. At this point Pemberton had been informed of the mens rea required. Pemberton then admitted that he had a reasonable opportunity to observe the victim and that he had reviewed the charges with counsel.

It is irrelevant that after the plea was taken the district court orally supplemented in open court the legal basis for its decision about the mens rea required. The question is whether the defendant was informed of the mens rea

7

required to convict him before he pleaded guilty.  The record is clear that he was.

Thus, there was no error.[6]

### III.    CONCLUSION

For the foregoing reasons, the judgment of the district court with

respect to Pemberton's conviction is **AFFIRMED.**

---

[6] Even assuming error, it was not obvious or prejudicial such that it would constitute plain error. We review for plain error an alleged Rule 11 violation that a defendant failed to object to in the district court.  *United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014).  In the context of a plea, the court will find plain error when the "plea colloquy is so deficient that it results in a total or abject failure to address" whether the defendant (1) is free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of pleading guilty.  *United States v. Presendieu*, 880 F.3d 1228, 1238–39 (11th Cir. 2018).  The court plainly errs if, considering "the complexity of the offense and the defendant's intelligence and education," among other factors, the court did not adequately inform the defendant of the nature of the offense.  *United States v. Telemaque*, 244 F.3d 1247, 1249 (11th Cir. 2001).  Here, the offense was not complicated, especially once the court decided the legal question regarding mens rea.  The mens rea required—opportunity to observe—made the offense less complicated.  And Pemberton completed some college education.  In these circumstances, someone with Pemberton's intelligence and education would understand the mens rea required for a conviction for this offense.  Thus, any error was not plain.