[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10303

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CARLOS JOSE MARTIN GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20249-CMA-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Martin Gomez appeals his 70-month sentence of imprisonment for conspiracy to commit health care fraud, arguing that the district court erred in calculating his guideline range and imposed a substantively unreasonable sentence. The government, in turn, moves to dismiss his appeal pursuant to a sentence appeal waiver in his plea agreement. After thorough review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

In general, "the touchstone for assessing [whether a waiver was made knowingly and voluntarily] is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (quotations omitted, alterations adopted). In *Boyd*, we found it "manifestly clear from the record that the sentence-appeal waiver was knowingly and voluntarily made and

[was] enforceable" -- even though the district court did not recite each exception to the waiver -- where: (1) the district court explained to the defendant "that, if he was sentenced within the guideline range, he would not be able to appeal or 'ever attack' his sentence"; (2) the defendant "initialed each page of the plea agreement"; (3) the defendant "signed the portion of the plea agreement stating that he had read the agreement in its entirety, had discussed it with his counsel, and understood the terms of the agreement"; and (4) "during the plea colloquy, [the defendant] confirmed that he read and discussed the plea agreement with his counsel and that he understood the terms." *Id.* There is a strong presumption that the statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

But, on the other hand, we've held that the district court's explanation of a waiver provision was insufficient and "confusing" where the district court only stated that the defendant was waiving his right to appeal the charges against him and separately noted that he might have the right to appeal his sentence "under some circumstances." *Bushert*, 997 F.2d at 1346, 1352–53. There, we concluded that the court's statement failed to clearly convey to the defendant "that he was giving up his right to appeal under *most* circumstances." *Id.* at 1352–53.

Here, Martin Gomez's brief on appeal argues that the district court erred in calculating his guideline range and imposed a substantively unreasonable sentence. In response, the government has moved to dismiss Martin Gomez's appeal because of the

sentence appeal waiver in the plea agreement.   Martin Gomez opposes the government's motion, arguing that the appeal waiver is unenforceable because the magistrate judge's discussion of the appeal waiver was confusing and because the magistrate judge's report and recommendation ("R&R") about his guilty plea omitted any mention of an appeal waiver.

We are unpersuaded.  For starters, the record reflects that Martin Gomez knowingly and voluntarily waived his right to appeal his sentence.  At the change-of-plea hearing, upon questioning by the magistrate judge, Martin Gomez confirmed under oath that he signed the plea agreement, read it before signing it, discussed "each and every paragraph of the plea agreement with his attorney before [he] signed it," and understood its provisions.  The magistrate judge noted that while Martin Gomez ordinarily would have the right to appeal his sentence after pleading guilty, he was waiving his "right to appeal the sentence in specific circumstances."  It illustrated this point by advising Martin Gomez that he was waiving his right to appeal "how [the district court] computes the sentencing guidelines," and gave an example to show that he could not appeal a sentence that fell within the guideline range calculated by the district court, but he could appeal a sentence that amounted to an upward variance.  The magistrate judge added that Martin Gomez could appeal his sentence if the government appealed it. The magistrate judge then summarized that Martin Gomez was "otherwise" giving up his right to appeal his sentence, which Martin Gomez said he understood.  Thus, under the totality of the circumstances, the magistrate judge conveyed to Martin Gomez that

24-10303                Opinion of the Court                5

he was waiving his right to appeal under *most* circumstances, and, as a result, the appeal waiver is enforceable. *See Boyd*, 975 F.3d at 1192; *Bushert*, 997 F.2d at 1352–53.

As for Martin Gomez's claim that his appeal waiver was not knowing and voluntary because he was confused by the magistrate judge's illustration of one of the exceptions to the appeal waiver -- which used a sentencing guideline range that turned out to be lower than Martin Gomez's eventual guideline range of 63 to 78 months' imprisonment -- we disagree. In this discussion, the magistrate judge clearly was giving an example of how Martin Gomez could appeal a sentence that was a result of an upward variance.[1] The magistrate judge also emphasized that the district court could "impose a sentence that is greater than what you or your lawyer have estimated[ or] . . . higher than what you are hoping for," and Martin Gomez confirmed he understood and did not express any confusion. On this record, we cannot say that the magistrate judge's example rendered the appeal waiver confusing or unclear.

Nor is there any merit to Martin Gomez's claim that his appeal waiver is unenforceable because the magistrate judge who performed the plea colloquy did not mention the appeal waiver in

---

[1] The magistrate judge said: "So if you think that the sentencing guidelines come out with a range of 18 to 24 months but [the district court] says, no, I think it comes out to 27 to 33 months, if you are sentenced within that 27 to 33 months that [it] calculated, you cannot appeal your sentence. If [the district court] calculates that range on the guidelines and says the range in the guidelines is 27 to 33 months and then . . . sentences you to something higher than 33 months, you can appeal."

the R&R that was provided to the district court. To understand the role of magistrate judges in plea colloquies, we begin with 28 U.S.C. § 636, which gives magistrate judges the power to hear and determine any pretrial matter pending before the court, except for certain types of motions. 28 U.S.C. § 636(b)(1)(A). Further, magistrate judges may conduct hearings and submit to the district court proposed findings of fact and recommendations on certain enumerated matters, including the motions excepted in § 636(b)(1)(A). *Id*. § 636(b)(1)(B). A magistrate judge must file these proposed findings and recommendations with the court and mail a copy to all parties. *Id*. § 636(b)(1)(C). The statute contains a catchall clause that states "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." *Id*. § 636(b)(3).

So, in *United States v. Woodard*, we addressed whether a magistrate judge has the authority under 28 U.S.C. § 636 to conduct a Rule 11 plea colloquy, accept a defendant's felony guilty plea, and adjudicate him guilty. 387 F.3d 1329, 1330 (11th Cir. 2004). We determined that the magistrate judge had that authority, with the defendant's consent. *Id*. at 1334. We explained that "[d]istrict judges do not actually have to exercise *de novo* review of magistrate judges' decisions . . . unless an objection is made." *Id*. "[T]o the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Id*. (quotations omitted). "It is the *availability* of *de novo* review, upon request by the parties, rather than a required performance thereof, that safeguards the integrity of the federal judiciary." *Id*. (quotations

omitted, alterations adopted). In *Woodard*, a magistrate judge had performed a Rule 11 plea colloquy and directly accepted the defendant's guilty plea; the district court did not separately accept the plea, but the defendant had not requested district court review of the matter. *Id.* at 1330, 1334. We held that the magistrate judge had not "appropriate[d] the district court's ultimate decision-making authority" since "the critical factor . . . was that a district court, as a matter of law, retained the ability to review the Rule 11 hearing *if requested.*" *Id.* at 1334.

However, in *United States v. Elsoffer*, the former Fifth Circuit concluded that the record must reflect with certainty that a trial judge actually read the transcript of the hearing before a magistrate judge on a motion to suppress before adopting the magistrate judge's recommendation. 644 F.2d 357, 358 (5th Cir. 1981).[2] The Court quoted *Mathews v. Weber*, 426 U.S. 261 (1976), for the proposition that: "The magistrate may do no more than propose a recommendation, and neither § 636(b) nor the General Order gives such recommendation presumptive weight . . . . The authority and the responsibility to make an informed, final determination, we emphasize, remains with the judge." *Id.* at 359 (alteration and quotations omitted). Thus, "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

magistrate's report and recommendations" and "[t]he authority to grant or deny a motion to suppress must be retained by a judge appointed pursuant to Article III of the Constitution." *Id*.

Here, Martin Gomez's argument that the appeal waiver in his plea agreement is unenforceable because it was not discussed in the R&R is without merit. As we've long held, a magistrate judge has the authority to conduct a Rule 11 change-of-plea hearing, which includes the plea colloquy regarding an applicable appeal waiver. *See Woodard*, 387 F.3d at 1334. Further, there is no authority suggesting that a magistrate judge must make specific recommendations regarding an appeal waiver in an R&R recommending that a guilty plea be accepted for the waiver to be enforceable. This is especially true here, since the magistrate judge's R&R referenced the parties' plea agreement and explained that it had reviewed its provisions with Martin Gomez at the change-of-plea hearing. And notably, Martin Gomez did not raise any objection regarding the appeal waiver at the hearing or in response to the R&R.

Moreover, Martin Gomez's reliance on *Elsoffer* is unhelpful because it simply says that the record must reflect with certainty that a district judge read the transcript of a hearing before a magistrate judge on a motion to suppress before adopting a recommendation on that motion. *Elsoffer* never discussed the requirements for district courts and magistrate judges in the context of appeal waivers within a plea agreement or recommendations regarding guilty pleas more generally.

In short, Martin Gomez has not convinced us that his sentence appeal waiver was unenforceable. Nor has he shown that any of the exceptions in the appeal waiver apply to the claims he seeks raise on appeal. Indeed, the appeal waiver in his plea agreement specified that he may appeal if the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing, or that he may appeal if the government appealed his sentence. However, Martin Gomez's sentence does not exceed the statutory maximum, nor is it the result of an upward departure or an upward variance. Nor has the government appealed his sentence. Thus, none of the enumerated exceptions to his appeal waiver apply.

Accordingly, because Martin Gomez's appeal waiver is enforceable and none of the exceptions to the appeal waiver apply, we grant the government's motion to dismiss Martin Gomez's appeal.

**GRANTED.**