[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11246
Non-Argument Calendar

_____

D. C. Docket No. 05-00021-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERALD DWIGHT DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 4, 2007)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sherald Dwight Daniels appeals his conviction and sentence for conspiracy

to import into the United States five kilograms or more of cocaine, in violation of

21 U.S.C. §§ 952, 960(b)(1)(B)(ii) & 963. On appeal, Daniels argues that the district court failed to comply with Fed. R. Crim. P. 11 by accepting his guilty plea even though he refused to admit that he conspired to import cocaine, arguing instead that he thought it was marijuana. Daniels also asserts that the district court erred in sentencing him based on the factual findings of the Presentence Investigation Report, which attributed several thousand kilograms of cocaine to him, without requiring the government to submit evidence of his involvement in the conspiracy and the type and amount of drugs imported. Upon review of the record and the parties' briefs, we discern no reversible error.

First, the doctrine of invited error precludes our review of Daniels' claim that the district court erred in accepting his guilty plea without the requisite factual basis. "[I]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding" if such error was invited by that party. United States v. Baker, 432 F.3d 1189, 1216 (11th Cir. 2005) (quotations and citations omitted, alteration in original), cert. denied, 126 S. Ct. 1809 (2006). When a party induces or invites the district court to make an error, the doctrine of invited error is implicated, and we are precluded from reviewing that error on appeal. Id.; United States v. Harris, 443 F.3d 822, 823–24 (11th Cir. 2006).

Any error that may have occurred in accepting Daniels' plea when he

challenged portions of the government's factual basis was invited. In his own motion encouraging the court to accept his guilty plea, Daniels stated:

> In the present case, Mr. Daniels is not asserting facts that would negate his guilt. . . . he is simply "raising the question of his specific knowledge of the type of drug involved. . . . inasmuch as Mr. Daniels admitted that he knew he was dealing with a controlled substance, that he participated with at least two others in the unlawful plan, and that he willfully joined the unlawful agreement, the Court can be satisfied that there exists a factual basis for the guilty plea. Accordingly, it is respectfully requested that this Court accept the plea, and adopt the report and recommendation of the United States Magistrate Judge.

Daniels cannot ask the court to accept his plea in one breath and then claim that the court erred by doing so in another. Even plain error review of this issue would be improper. Daniels petitioned the court to accept his guilty plea, and the court obliged. Any error here was invited. Accordingly, we will not address the merits of this issue. See Harris, 443 F.3d at 823–24.

Second, we consider Daniels' argument that the district court improperly determined the amount and type of drug in calculating the guideline range. The PSI attributed several thousand kilograms of cocaine to Daniels, resulting in an adjusted base offense level of 35 and a guideline range of 188 to 235 months imprisonment. Daniels failed to object to the factual statements set out in the PSI. Rejecting Daniels' testimony that he thought he was importing marijuana and did not know it was cocaine until he was actually indicted, the district court sentenced

3

Daniels to 200 months imprisonment.

Under the Supreme Court's decision in United States v. Booker, the sentencing guidelines are no longer mandatory. 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). Although the guidelines are merely advisory, a district court still must calculate the advisory sentencing range correctly and consider that range when determining a defendant's sentence. United States v. Crawford, 407 F.3d 1174, 1178–79 (11th Cir. 2005). Booker does not alter our previously established standards of review of the district court's interpretation of the guidelines, see id., and we generally review a district court's determination of the drug quantity involved for clear error. United States v. Zapata, 139 F.3d 1355, 1357 (11th Cir. 1998). However, because Daniels failed to object to the PSI, our review is only for plain error. See United States v. Munoz, 430 F.3d 1357, 1375 (11th Cir. 2005), cert. denied, 126 S. Ct. 2305 (2006).

It is established that "[t]he district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004). Furthermore, when a defendant does not object to the factual findings in the PSI, those factual findings are deemed to be admitted. United States v. Shelton, 400

4

F.3d 1325, 1330 (11th Cir. 2005).

Daniels never objected to the factual statements of the PSI holding him responsible for the importation of thousands of kilograms of cocaine. Consequently, we treat his case on appeal as though he admitted those facts. Even so, his assertion that he did not know the type of drug involved did not preclude the district court from attributing to him the full measure of the cocaine he helped to import for sentencing purposes. United States v. Alvarez-Coria, 447 F.3d 1340, 1344 (11th Cir. 2006) (holding that "[t]he fact that [the defendant] did not know the type or quantity of the drugs [imported] did not preclude the district court from attributing the drugs to him for sentencing purposes"). Additionally, the commentary to United States Sentencing Guideline § 1B1.3, which deals with relevant conduct for determining the applicable guideline range, states: "a defendant who transports a suitcase knowing that it contains a controlled substance . . . is accountable for the controlled substance in the suitcase regardless of his knowledge or lack of knowledge of the actual type or amount of that controlled substance." U.S.S.G. § 1B1.3, cmt. n.2(a)(1). Accordingly, the district court did not plainly err in sentencing Daniels based on the undisputed quantity of cocaine stated in the PSI.

**AFFIRMED.**