[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13866
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60304-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUNAID PEERANI,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Junaid Peerani appeals his conviction—and the 46-month sentence he received as a result—for one count of knowingly and willfully attempting to export controlled items without a license, in violation of 50 U.S.C. §§ 1702 and 1705. For the first time on appeal, Peerani contends that his guilty plea was not knowing and voluntary because the plea colloquy failed to ensure that he understood the nature of the charge against him and that there was a sufficient factual basis for the plea. Peerani further argues that the district court erred in sentencing him under U.S.S.G. § 2M5.1(a)(1), which applies when one evades national security controls to export items, instead of § 2M5.1(a)(2), which applies "otherwise." Lastly, Peerani contends that his trial counsel was ineffective by neglecting to challenge the indictment's assertion that the equipment Peerani sought to export was controlled for national security reasons and permitting Peerani to sign a statement of stipulated facts admitting the same.

## I.

The doctrine of invited error precludes us from reviewing the alleged defects from Peerani's plea colloquy. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) (internal quotation marks omitted). We apply this doctrine when a party induces or invites a district court

into making the alleged error.  *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam).

Here, Peerani invited the district court's alleged error of not adequately explaining the legal elements and factual basis of the charge against him.  During his plea colloquy, Peerani agreed that the elements of the offense were correctly stated and that the three-page stipulated factual proffer accurately provided a sufficient factual basis for his plea.  Peerani did not object during his change-of-plea hearing—or later at sentencing—that the basis for the conviction was incorrectly or insufficiently stated.  Thus, Peerani invited any error that he alleges occurred with respect to the stated elements or the factual basis of the offense.  *See Brannan*, 562 F.3d at 1306–07.  Accordingly, we are precluded from reviewing his claim.  *See id.* at 1307.

## II.

"We review the validity of a sentence appeal waiver de novo."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  For such a waiver to be effective, it must be made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear "that the defendant otherwise understood the full

significance of the waiver." *Id.* at 1351. "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam). We have held an appeal waiver valid where the waiver provision was referenced during the plea colloquy and the defendant agreed that she understood the provision and entered into it freely and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

Peerani's appeal waiver was made knowingly and voluntarily, and therefore precludes review of his sentencing challenge. During the plea colloquy, the district court specifically questioned Peerani about the appeal waiver, and Peerani acknowledged that prior to signing the plea agreement he reviewed the terms of the appeal waiver with his attorney and agreed to the terms. The district court directed Peerani to the language of the appeal waiver in his plea agreement and explained its terms, and Peerani indicated that he understood that he had waived his right to appeal his sentence unless it exceeded the maximum permitted by statute or was the result of an upward departure or upward variance from the guideline range. Thus, the waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351.

Peerani's appeal waiver specifically provided that he would not be able to appeal his sentence unless it was the result of an upward departure or variance or if

it exceeded the maximum permitted by statute, and neither of these exceptions applies. Accordingly, we dismiss Peerani's appeal to the extent it challenges his sentence.

### III.

Peerani also alleges that his counsel below was ineffective. However, we do not consider claims of ineffective assistance of counsel on direct appeal unless the record is sufficiently developed as to that issue. *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008). Because we find the record in this case to be insufficiently developed to permit review, we cannot evaluate Peerani's ineffective assistance of counsel claim at this time. *See id.* at 1308.

Upon review of the record and consideration of the parties' briefs, we affirm Peerani's conviction and sentence.

**AFFIRMED IN PART; DISMISSED IN PART.**