[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15788
Non-Argument Calendar

_____

D.C. Docket No. 9:15-cr-8077-DTKH-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CHIDDO,
a.k.a. D-Money,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2018)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

David Chiddo appeals his conviction, following a guilty plea, for conspiracy

to possess with intent to distribute cocaine. Chiddo argues that the Magistrate

Judge erred by accepting his felony guilty plea without a referral order and without

entering a report and recommendation ("R&R"), and by misadvising him of his right to object to that acceptance to the District Court. He further argues that the Magistrate Judge erred by failing to ensure that a factual basis existed for his plea and that he understood the nature of the offense.

But we find no plain error in the Magistrate Judge's conduct here. The Magistrate Judge did not plainly err in accepting Chiddo's guilty plea because Chiddo consented to the Magistrate Judge conducting the plea hearing, a magistrate judge can conduct a change-of-plea hearing without entering an R&R, and no statute or binding precedent requires a specific referral order. The Magistrate Judge adequately advised Chiddo of his ability to challenge the acceptance of the plea before the District Court, and Chiddo had the opportunity to do so. Moreover, Chiddo invited any alleged errors by the Magistrate Judge, precluding their review.

Accordingly, we affirm.

## I.

This Court applies plain error review to statutory and constitutional challenges to a magistrate judge's acceptance of a felony guilty plea raised for the first time on appeal. *United States v. Woodard*, 387 F.3d 1329, 1331 (11th Cir. 2004) (per curiam). "The four-prong test to establish plain error is: (1) there must have been an error; (2) the error must have been plain; (3) the error must have

seriously affected substantial rights; and (4) the error must have seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* To be sufficiently "plain," the alleged error "must be clear from the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court." *United States v. Rodriguez*, 627 F.3d 1372, 1381 (11th Cir. 2010).

The powers of magistrate judges are set forth in the Federal Magistrate Act ("FMA"), 28 U.S.C. §§ 631–36. Magistrate judges may "hear and determine any pretrial matter pending before the court, except" certain types of motions. *Id.* § 636(b)(1)(A). Magistrates may also conduct hearings and submit to the district court proposed findings of fact for, and recommendations for the disposition of, certain enumerated matters, including the motions excepted in § 636(b)(1)(A). *Id.* § 636(b)(1)(B). A magistrate judge must file proposed findings and recommendations with the court and mail a copy to all parties. *Id.* § 636(b)(1)(C). Importantly, the statute's "catchall" clause states that "[a] magistrate judge may be assigned such *additional duties* as are not inconsistent with the Constitution and laws of the United States." *Id.* § 636(b)(3) (emphasis added).

In *Woodard*, we addressed whether a magistrate judge has the authority to accept a defendant's felony guilty plea and adjudicate him guilty. 387 F.3d at 1331. Woodard consented to a magistrate judge conducting his change-of-plea hearing and a Federal Rule of Criminal Procedure 11 colloquy, after the Magistrate

3

Judge explained that he was a magistrate and that Woodard had the right to have the District Court conduct the hearing. *Id.* at 1330. The Magistrate Judge accepted Woodard's guilty plea, stating "[t]he plea is, therefore, accepted by me, and the defendant is now adjudged guilty of that offense." *Id.* The Magistrate Judge did not prepare an R&R. *Id.* at 1334. At sentencing,[1] Woodard did not object to the sentence imposed or to the plea colloquy conducted by the Magistrate. *Id.* at 1330–31.

We first determined that conducting a Rule 11 proceeding is comparable to the duties enumerated in the FMA. *Id.* at 1333. We therefore held that a magistrate judge has the authority under the FMA's catchall "additional duties" clause to conduct Rule 11 proceedings and accept a felony guilty plea, when the defendant consents. *Id.*; 28 U.S.C. § 636(b)(3). In so holding, we noted that "the presence or absence of consent" is the "crucial factor" in determining what the additional duties clause encompasses. *Woodard*, 387 F.3d at 1332. We then held that this statutory delegation to a magistrate judge did not violate Article III because a district court, as a matter of law, retains the ability to review the Rule 11 proceeding if requested by the Defendant. *Id.* at 1334.

This Court later clarified the circumstances giving rise to the appeal in *Woodard*, our holding, and the reasoning behind it as part of our decision in *Brown*

---

[1] Woodard's sentencing hearing was conducted by the district judge. *Woodard*, 387 F.3d at 1330.

4

*v. United States*.  *See* 748 F.3d 1045, 1071 n.53 (11th Cir. 2014).  The District Court in *Woodard* had referred the proceeding to the Magistrate Judge "with instructions to submit a report and recommendation regarding all pretrial motions." *Id.*  The *Brown* District Court clarified "the mechanics of the district court's actions" in *Woodard*, stating that although the Magistrate did not err by accepting Woodard's plea and adjudicating him guilty, in fact *the District Court* had made the final adjudication of guilt by entering judgment.  *Id.*  We concluded that regardless of whether a magistrate judge categorizes his actions as acceptance of a plea or an R&R, a magistrate judge's actions in a Rule 11 hearing are "akin to a report and recommendation rather than a final adjudication of guilt."  Moreover, such actions by a magistrate judge do not violate Article III because a district court retains the ability to review the plea as a matter of law, if requested.  *See Id.*

Although this Court has not squarely addressed whether a formal referral order is required before a magistrate judge may conduct a Rule 11 hearing and accept a guilty plea, we have stated that § 636(b)(1) does not require a written referral order.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 511 n.13 (11th Cir. 1990).[2]  Nothing in the statutory language requires a formal or written referral order.  *See* 28 U.S.C. § 636(b)(1).  The Southern District of

---

[2] We also noted that "[s]ome courts have expressed the sound opinion that a written referral would be good practice."  *Jeffrey S. by Ernest S.*, 896 F.2d at 511 n.13 (11th Cir. 1990) (citations omitted).

5

Florida's local rules state that a district judge may refer a matter to a magistrate judge, and "[n]o specific order of reference shall be required except as otherwise provided in these [rules]." S.D. Fla. Magistrate Judge R. 2.

Rule 11 of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea before the court accepts the plea, for any reason or no reason; or after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(1)–(2).

Here, Chiddo argues that the Magistrate Judge exceeded his authority by accepting his guilty plea without an order of referral from the District Court and without entering an R&R; and that the Magistrate misadvised him that he could appeal prior to sentencing, when the correct procedure would have been for him to object to an R&R. These arguments are unavailing.

Chiddo has not demonstrated that the Magistrate Judge here erred, let alone plainly so. First, § 636(b)(3) requires merely that the magistrate "be assigned" additional duties. It does not impose any particular method of assignment. Our precedent indicates no written referral order is required. *See Jeffrey S. by Ernest S.*, 896 F.2d at 511 n.13. We can, moreover, infer from the relevant Southern District of Florida local rule, and the District Court's acknowledgement at sentencing of Chiddo's guilty plea before the Magistrate, that the District Court

6

"assigned" the matter to the Magistrate by some effective means. Chiddo has not pointed to any statute, constitutional provision, or Supreme Court or Eleventh Circuit holding requiring a written referral order before a magistrate may conduct a Rule 11 hearing.[3] *Rodriguez*, 627 F.3d at 1381. Accordingly, Chiddo demonstrates no plain error by the Magistrate Judge in accepting Chiddo's guilty plea without a formal order of referral.

Second, no authority mandates that a magistrate judge enter an R&R after he conducts a plea hearing. *See Woodard*, 387 F.3d at 1334 (finding no plain error where the Magistrate Judge accepted a guilty plea without entering an R&R).[4] Third, the Magistrate Judge adequately advised Chiddo of his ability to challenge

---

[3] In support of this position, Chiddo primarily relies on *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002). There, the Fifth Circuit found that a memorandum issued almost three years before the defendants' cases, which merely laid out general procedural instructions to the Magistrate, was not a proper referral order. *Id.* at 255–56.

Chiddo's reliance is misguided. First, of course, this Fifth Circuit case does not bind this Court and thus cannot establish plain error. Moreover, even if *Bolivar-Munoz* bound this Court, it would in fact support the conclusion that Chiddo waived his right to raise this procedural defect by failing to object to the Magistrate Judge's actions in the District Court. *See id.* at 256 (finding that the defendants waived their right to object to the Magistrate's actions by failing to raise the procedural defect before the District Judge had accepted pleas, sentenced the defendants, and entered judgment).

[4] In support of his argument on this point, Chiddo relies on *Brown* for the proposition that § 636 requires a magistrate judge to enter an R&R in plea proceedings. This mischaracterizes *Brown*. There, this Court merely stated that a magistrate judge's actions in plea proceedings "are akin to a report and recommendation" because a district court retains the ability to review the proceeding as a matter of law, if requested. *Brown*, 748 F.3d at 1072 n.53.

the plea,[5] Chiddo had the opportunity to challenge the plea,[6] and Chiddo consented to the Magistrate Judge conducting the plea hearing.[7]

Thus, Chiddo has not pointed to binding authority requiring a magistrate judge to be assigned duties by referral order or to enter an R&R following a plea hearing the magistrate conducted. Neither has he pointed to binding authority indicating that the Magistrate misadvised Chiddo regarding his right to challenge the plea. Accordingly, the Magistrate Judge did not plainly err. *See Rodriguez*, 627 F.3d at 1381.

## II.

When a party induces or invites the court below into making an error, we are precluded from invoking the plain error rule and reversing. *See United States v.*

---

[5] The Magistrate Judge was not, as Chiddo argues, required to tell Chiddo he could file objections to an R&R. As discussed above, the Magistrate Judge was not required to enter one.

[6] The Magistrate Judge informed Chiddo of his right to challenge his plea before sentencing: "you may appeal that plea of guilt to the District Judge, and if you do that, you must do so before your sentencing . . . . I advise you that failure to file timely objections related to the plea before District Judge or Court of Appeals will result in waiver." Chiddo indicated, under oath, that he understood. Chiddo's argument that he lacked the opportunity to challenge his plea without a district court order fails—he could have filed a motion to withdraw plea before sentencing, or objected at sentencing when the District Court asked if he had any objections. Chiddo failed to do either.

[7] Chiddo challenges the Magistrate Judge's authority under § 636 and Article III to accept his guilty plea. But a magistrate judge's actions in a Rule 11 proceeding are effectively an R&R, not a final adjudication of guilt. *Brown*, 748 F.3d at 1071 n.53. The Magistrate Judge had authority to conduct the hearing under § 636, because Chiddo expressly consented; and the delegation of this duty did not violate Article III, because the District Court retained the ability to review the plea if Chiddo had so requested. *See Woodard*, 387 F.3d at 1330, 1333. Finally, because no procedural errors occurred, we need not address Chiddo's argument that consent cannot cure the errors alleged.

*Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).  A defendant can invite such error through his actions during the plea process and at sentencing.  *See id.* (concluding that the defendant invited any error by the District Court in sentencing him to five years of supervised release where he signed a plea agreement acknowledging that the Court could impose such a sentence and did not object at sentencing to a sentence including supervised release).

This Court has held (albeit in an unpublished opinion) that a defendant invited the alleged errors at his plea colloquy—of failing to ensure that he understood the nature of the charges against him and failing to ensure an adequate factual basis existed—when he (1) agreed at the plea colloquy that the elements of the offense were correctly stated and that the stipulated factual proffer provided a sufficient factual basis, and (2) failed to object to the basis of the conviction at the plea hearing or at sentencing.  *United States v. Peerani*, 576 F. App'x 949, 950 (11th Cir. 2014); *see also United States v. Daniels*, 225 F. App'x 795, 796 (11th Cir. 2007) (determining that the defendant invited any error in accepting his guilty plea without a sufficient factual basis, because he had petitioned the Court to accept his plea even though he denied specific knowledge of the type of drug involved in his offense).

Here, Chiddo invited any alleged errors by the Magistrate Judge.  Chiddo stated at his change-of-plea hearing that he had received a copy of the superseding

9

indictment, had fully discussed the charges with counsel, and was fully aware of the charges.  He also stated that he had read and understood the stipulated factual basis and discussed it with counsel before signing it, *i.e.*, agreeing that the facts stated therein provided a sufficient factual basis for entry of his guilty plea, and that he agreed to the elements of the offense set forth therein.  Finally, Chiddo failed to object to the factual basis of the conviction at the plea hearing and at sentencing.  The circumstances here thus mirror those in *Peerani*, 576 F. App'x at 950.  Therefore, because Chiddo invited any error by the Magistrate Judge in determining that he understood the nature of the charges against him and that there was a sufficient factual basis for the guilty plea, this Court is precluded from reviewing these claims.[8]  *See Love*, 449 F.3d at 1157.

**AFFIRMED.**

---

[8] Even if this Court determined that Chiddo's claims are not barred by invited error, Chiddo would have to overcome the high hurdle of plain error review because he failed to raise these issues in district court.  *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).

10